IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| VINEYARD POINTE 1031, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:23-CV-4290-LMM |
| LINDSAY JOHNSON, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This case comes before the Court on *sua sponte* review for subject-matter jurisdiction. After due consideration, the Court enters the following Order:

**I.    BACKGROUND**

This case arises from Plaintiff Vineyard Pointe 1031, LLC's action in state court to evict Defendant Lindsay Johnson.[1] Plaintiff, a debt collector and property management group, initiated a dispossessory action in the Magistrate Court of Clayton County to evict Defendant from a leased property. Dkt. No. [3] ¶¶ 1, 9. Defendant, in response, filed a Notice of Removal seeking to remove the action to

---

[1] Defendant purports to represent "all other occupants" of 8213 Hwy 85, Unit 405, but no other occupants are named or properly joined as parties. Dkt. No. [3] at 1. Thus, the Court can only evaluate subject-matter jurisdiction as to the eviction action involving Defendant.

federal court. Id. Defendant contends that Plaintiff is executing an "illegal eviction," that Plaintiff has "no legal standing" to evict Defendant, and that the Clayton County action "is unconstitutional" under the Fourteenth Amendment. Id. ¶¶ 8–10. In addition to removal, Defendant seeks to enjoin Plaintiff from evicting Defendant. Id. ¶ 8. The Court now reviews Defendant's Notice of Removal and Request for Injunction, Dkt. No. [3], *sua sponte* for subject-matter jurisdiction.

## II. LEGAL STANDARD

At any time following removal, a "district court may remand a case *sua sponte.*" Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)). The burden of establishing federal jurisdiction rests with the removing party. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). The existence of federal-question jurisdiction depends on the allegations in the complaint at the time of removal. Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011). And any doubts about the existence of federal jurisdiction will be resolved in favor of remand. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Defendants may remove a state-court action only where it "originally could have been filed in federal court." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Original jurisdiction of the district courts of the United States may be based on a claim arising out of the Constitution or laws of the United States (federal-question jurisdiction) or on diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. "[I]t is well settled that a federal court is

obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.")

Additionally, the Court recognizes that Plaintiff is appearing *pro se*. Thus, the Complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). But nothing in that leniency excuses a plaintiff from complying with threshold requirements of the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Iqbal, 556 U.S. 662.

### III. DISCUSSION

The Court must remand this case for lack of subject-matter jurisdiction. "[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." Am.

3

Tobacco Co., 168 F.3d at 410. Defendants may remove a state-court action only where it "originally could have been filed in federal court." Caterpillar Inc., 482 U.S. at 392; see also 28 U.S.C. § 1441(a). Otherwise, the Court may remand the action at any time *sua sponte*. Conn. State Dental Ass'n, 591 F.3d at 1343. Original jurisdiction of the district courts of the United States may be based on a claim arising out of the Constitution or laws of the United States (federal-question jurisdiction) or on diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. Defendant claims the Court has both federal-question jurisdiction and diversity jurisdiction to hear the dispossessory action removed from state court. Dkt. No. [3] ¶ 2. However, as explained below, the Court has neither federal-question jurisdiction nor diversity jurisdiction over this action.

**A. Absence of Federal-Question Jurisdiction**

First, the Court does not have federal-question jurisdiction over this case. Federal-question jurisdiction exists only where the case "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the "well-pleaded complaint rule," the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." Behlen v. Merrill Lynch, 311 F.3d 1087, 1090 (11th Cir. 2011) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). However, Plaintiff's dispossessory affidavit, which functions as a

4

complaint in a dispossessory proceeding,[2] is grounded entirely in state law. Dkt. No. [3] at 4. Plaintiff alleges that Defendant failed to pay rent and that Plaintiff has demanded possession of the premises where Plaintiff now resides. Id. The affidavit cites Georgia law, including O.C.G.A. § 44-7-55, but does not state any federal cause of action or cite any federal laws. Id. Thus, Defendant has failed to establish federal-question jurisdiction.

Further, a state-court case "may *not* be removed to federal court on the basis of a federal defense." Behlen, 311 F.3d at 1090. Here, Defendant is attempting to remove a state-court case on the basis that Plaintiff has violated several federal laws, including 15 U.S.C. § 1692, 15 U.S.C. § 2605, and the Due Process Clause of the Fourteenth Amendment. Dkt. No. [3] ¶¶ 4, 9. Defendant contends that, due to these alleged violations of federal law, Plaintiff cannot legally evict Defendant from the premises at issue. Id. ¶¶ 9–10. However, only Plaintiff's claims—not Defendant's defenses—can establish federal-question jurisdiction. See Caterpillar Inc., 482 U.S. at 392 ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."); Geddes v. American Airlines, Inc., 321 F.3d 1349, 1352–53 (11th Cir. 2003) (noting that a state-court action may not be removed to federal court on the basis of a federal

---

[2] Under Georgia law, "[a] landlord initiates a dispossessory proceeding by filing a dispossessory affidavit." Outfront Media, LLC v. City of Sandy Springs, 847 S.E.2d 597, 604 (Ga. Ct. App. 2020) (citing O.C.G.A. § 44-7-50). The affidavit functions like a complaint in a dispossessory proceeding. See O.C.G.A. § 44-7-51 (describing service of the affidavit and requiring tenants to answer the affidavit with defenses or counterclaims).

5

defense); Behlen, 311 F.3d at 1090 (same). Because Defendant cannot rely on federal defenses to remove Plaintiff's state-court action to federal court, the Court has no federal-question jurisdiction over Plaintiff's dispossessory action.³

**B. Absence of Diversity Jurisdiction**

Second, the Court also does not have diversity jurisdiction over this case. Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The party wishing to assert diversity jurisdiction bears the burden of establishing that diversity exists." Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992) (citing Cameron v. Hodges, 127 U.S. 322 (1888)). Defendant has not satisfied this burden because she has failed to demonstrate complete diversity of citizenship between the parties. See MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (per curiam) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff."). Defendant pleads that she is a citizen of Georgia. Dkt. No. [3-1]. Defendant also claims that Plaintiff is a citizen of Georgia. Id. Thus, because Defendant asserts that Plaintiff is a citizen of the same state as Defendant, Plaintiff has not

---

³ Defendant also claims this Court may exercise jurisdiction over Plaintiff's state-court action under 13 U.S.C. § 1357 and § 1334. Dkt. No. [3] ¶ 2. However, Defendant neither alleges that she has been injured *by* a federal law nor seeks to file an action for bankruptcy. Id. Thus, neither statute provides authority for this Court to exercise jurisdiction over Plaintiff's state-court action.

established complete diversity. Therefore, the Court does not have diversity jurisdiction over this action.

In sum, the Court does not have subject-matter jurisdiction over this action. Without jurisdiction, the Court cannot rule on Plaintiff's Request for Injunction. Dkt. No. [3]. Thus, the Court must remand this case to state court for further proceedings.

## IV. CONCLUSION

The Clerk is **DIRECTED** to **REMAND** this case to Clayton County Magistrate Court.

**IT IS SO ORDERED** this 25th day of September, 2023.

_____
**Leigh Martin May**
**United States District Judge**